bCHEHARDY, Judge.
This is an appeal of a juvenile court judgment, finding defendant to be the father of a minor born out of wedlock. For the following reasons, we affirm.
On May 13, 1997, the State of Louisiana Department of Social Services, through the District Attorney for the Parish of Jefferson, State of Louisiana, and pursuant to La. R.S. 46:236.1, filed a petition to prove paternity and obtain child support on behalf of Annette Askew, the mother of Kaylyn Askew, born out of wedlock on June 26, 1996. The suit was filed in Juvenile Court for the Parish of Jefferson, State of Louisiana, against defendant, Dave Jackson, Jr., with whom Ms. Askew had been living during the conception of her child. Mr. Jackson, Ms. Askew and the minor had previously undergone blood testing by Reliagene Technologies, Inc.
The matter proceeded to trial on February 2, 1998. Upon conclusion of trial, the trial court ruled in favor of the plaintiff, finding that defendant is the father of the minor child, Kaylyn Askew. Defendant appeals, asserting three assignments of error.
In defendant’s first and second assignments of error, defendant argues that the trial court erred by disregarding defendant’s testimony of a possible intimate relationship between Ms. Askew and one of her co-workers and the trial court disregarded defendant’s ^testimony regarding his lack of sexual relations with Ms. Askew during the period of time when the minor was conceived.
At trial, plaintiff offered the testimony of Ms. Askew, who testified that she began a sexual relationship with defendant, Mr. Jackson, in approximately March of 1992. Ms. Askew also testified that she lived with Mr. Jackson from March of 1994 through March of 1996. Ms. Askew further testified that during the months of November and December of 1995 (the approximate time of conception of the minor), she had sexual intercourse only with Mr. Jackson.
When asked about a relationship she has with one of her co-workers, Dominick Bush, Ms. Askew testified that she began a friendship with him in approximately November of *481 1995, a few months after they started working together, and that she never had a romantic relationship with him. Ms. Askew denied ever having sexual intercourse with Mr. Bush.
Ms. Askew also testified that prior to suit being filed, she and her minor child had blood samples drawn at a lab for a paternity test, and that Mr. Jackson was also tested. In connection with her testimony, the state offered the results of the blood test into evidence without objection. The results of the blood test show that Mr. Jackson has a greater than ninety-nine percent probability of being the father of the minor child.
In an attempt to refute Ms. Askew’s testimony, the defense called Mr. Jackson as a witness. He testified that he ceased his sexual relationship with Ms. Askew in approximately September of 1995. Mr. Jackson also testified that at that time, both he and Ms. Askew were using birth control devices. Mr. Jackson further testified that he believed Ms. Askew and Mr. Bush began having an intimate relationship around September of 1995. Mr. Jackson testified that during that period, he saw Ms. Askew and Mr. Bush riding around together a few times, and that he answered several calls Mr. Bush placed to Ms. Askew at the apartment Mr. Jackson and Ms. Askew shared.
At trial, the defense also called Mr. Bush to the stand, who testified that he began a friendship with Ms. Askew when she began working with him in 1995. Mr. Bush ^testified that they and other co-workers would go to lunch and to the movies together from time to time. Mr. Bush also testified that he and Ms. Askew call each other on the telephone and that he visited Ms. Askew at the apartment she shared with Mr. Jackson a couple of times. Mr. Bush denied ever having a sexual relationship with Ms. Askew.
Upon review, it is clear that the trial court was presented with uncontroverted testimony that Ms. Askew and Mr. Jackson had an ongoing sexual relationship for approximately four years, that they lived together from March of 1994 through March of 1996, that the minor was conceived in approximately November of 1995 and that the blood test results show the probability of Mr. Jackson’s paternity is greater than ninety-nine percent. The only disputed facts involve whether Ms. Askew and Mr. Jackson had a sexual relationship at the time of conception and whether Ms. Askew and Mr. Bush had a sexual relationship at the time of conception. With regards to these issues, the trial court was presented with contradictory testimony at trial.
It is well settled that, on appellate review of factual determinations, the reviewing court may not set aside the trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Further, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trial court was right or wrong, but whether its conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the trial court’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
In addressing defendant’s first assignment of error, it is clear from the record that the trial court did not disregard defendant’s testimony of a possible sexual relationship between Ms. Askew and Mr. Bush. Both Ms. Askew and Mr. Bush denied under oath that they ever had any kind of an intimate relationship. All Mr. Jackson could offer was his own speculation that they had. He introduced no evidence or testimony upon which feto support his allegation. Clearly it was reasonable for the trial court to believe the testimony of two witnesses over the unsupported allegation of a third.
Likewise, in defendant’s second assignment of error, the trial court did not disregard defendant’s testimony that he did not have sexual intercourse with Ms. Askew at the time that the minor was conceived. At trial Mr. Jackson admitted to having a sexual relationship with Ms. Askew until approxi *482 mately two months prior to conception, and further admitted that he lived with Ms. Askew until approximately March of 1996, several months after conception. Additionally, Ms. Askew testified that she had sexual intercourse with Mr. Jackson until approximately December of 1995, and that she was intimately involved with no one else at that time. The trial court’s decision to give greater weight to the testimony of Ms. Askew than to that of Mr. Jackson is reasonable and is not manifestly erroneous or clearly wrong.
In defendant’s third assignment of error, defendant argues that the trial court weighed the blood test results in exclusion of the other evidence presented. We disagree. At trial, in addition to the blood test results, the trial court was presented with testimony from three witnesses. Ms. Askew testified that she and Mr. Jackson had a sexual relationship during the time of conception and that she did not have a sexual relationship with anyone else. Mr. Bush testified that he has never had a sexual relationship with Ms. Askew. While he denied being the father of the minor child, Mr. Jackson admitted to having a long-term sexual relationship with Ms. Askew and to living with her for several months after conception. Notwithstanding the blood test results, there was evidence presented at trial to show that Mr. Jackson is the father of the minor child, to the exclusion of any other. The blood test results simply support that conclusion.
After a thorough review of the record before us, we find that the trial court was not manifestly erroneous or clearly wrong in finding that plaintiff proved by a preponderance of the evidence that defendant is the father of the minor child. Accordingly, for the foregoing reasons, the judgment of the trial court, finding defendant, Dave Jackson, Jr., to |sbe the father of the minor child, Kaylyn Askew, is affirmed. Costs herein are assessed against defendani/appellant.
AFFIRMED.